## County of Tazewell v. Farmers' Loan & Trust Co.

*(Circuit Court, N. D. Illinois.  July 7, 1882.)*

1. STOCKHOLDERS—RIGHT TO SUE THEIR CORPORATION.

A county, as stockholder in a railroad company, brought suit against the company. *Held,* on demurrer, that where the bill shows a condition of things touching the control of the corporate affairs of those entrusted with their active management, as would have rendered a formal application to the board of directors to bring the suit an idle ceremony, a case is presented requiring the defendant to answer.

2. FORECLOSURE—FRAUD—SUIT TO SET ASIDE DECREE.

A ruling in a foreclosure suit, denying the petition of stockholders to be made parties, in a foreclosure suit brought against their corporation, is not a bar to an independent suit to set aside the decree for fraud.

*J. S. Cooper,* for complainant.

*G. W. Cothran,* for defendant.

HARLAN, Justice, *(orally.)*  It may be true, as was intimated or suggested in oral argument, that this suit, if prosecuted to a conclusion after issue joined, cannot possibly result in any practical advantage to the complainants. Of this the court cannot now judge, nor can it regard such considerations under the allegations of the bill to which demurrers have been filed. Taking those allegations to be true, as upon demurrer must be done, a case is presented requiring the defendants to answer. It is contended that the complainants, as stockholders in the railroad company, do not show any right in themselves

to commence and carry on such a suit as this, and that the sole right to sue on account of the matters set out in the bill is in the corporation itself. In support of this view the court is referred to *Hawes* v. *Contra Costa Water Co.*, decided at the last term of the supreme court of the United States. Upon re-examining the opinion in that case it is seen that the right of a stockholder to sustain a suit in his own name, upon a cause of action existing in the corporation itself, will be recognized when the suit relates to a fraudulent transaction "completed or contemplated by the acting managers in connection with some other party or among themselves, or with other shareholders, as will result in serious injury to the corporation, or to the interests of the other shareholders." After enumerating other cases in which the right exists in stockholders to sue, the supreme court says: "Possibly other cases may arise in which, to prevent irremediable injury or a total failure of justice, the court would be justified in exercising its powers." The bill, it is true, does not show any formal application to the board of directors that action be taken in the name of the corporation to redress the wrongs alleged to have been done complainants and other stockholders. But it does show a condition of things touching the control of the corporate affairs by those entrusted with their active management as would have rendered such a formal application an idle ceremony. Under the circumstances detailed in the bill, the existence of which must, on this hearing, be assumed, and in view of the injury which might have resulted from delay in suing, it was not reasonable to require such previous application to be made to the board of directors. *Hawes* v. *Contra Costa Water Co. supra.*

Upon the argument of this case attention was called to the fact that these stockholders had petitioned to be made parties in the foreclosure suit, and that upon the showing there made the petition was denied by the circuit judge. The evidence upon which the court acted in passing upon that petition is not before the court on these demurrers. Besides, the ruling there is not a bar to an independent suit to set aside the decree for fraud. The present action of the court must rest on the allegations of the bill. Assuming them to be true, the demurrer must be overruled.

See *Hawes* v. *Contra Costa Water Co.* 11 FED. REP. 93, note.